UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ISAAC LENIN,

    Petitioner,

  v.

STEPHEN JOHNSON et al.,

    Respondents.

Civil No. 15-7310 (FLW)

**MEMORANDUM AND ORDER**

  This matter having been brought before the Court by Petitioner *pro se*, Isaac Lenin's ("Petitioner") request for reconsideration of the Court's Memorandum and Order denying without prejudice his request for counsel (ECF No. 10), and Respondents' motion to dismiss the petition as untimely under The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. No. 104-132, tit. I, § 101 (1996). (ECF No. 11.)  For the reasons explained in this Memorandum and Order, the motion for reconsideration is denied without prejudice to Petitioner' filing of a new motion for counsel.  The Court also denies without prejudice Respondents motion to dismiss and directs them to file a full answer.

  The Court recounts only the facts that are relevant to the instant motions.  On November 11, 2018, another inmate submitted on Petitioner's behalf a letter requesting that the Court appoint counsel to represent him in his habeas proceeding.  (*See* ECF No. 7.)  By Memorandum and Order dated April 10, 2019, the Court denied without prejudice the request for counsel and directed Respondents to answer the Petition.  (ECF No. 8.)

  In denying the request for counsel, the Court explained that a habeas petitioner has no constitutional or statutory right to representation by counsel.  *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded by statute on other grounds* 28 U.S.C. § 2254.  Nevertheless,

under 18 U.S.C. § 3006A, courts may appoint counsel to habeas petitioners if they are "financially eligible" and if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In determining whether the interests of justice support the appointment of counsel, "the district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court." *Reese*, 946 F.2d at 263. Such an inquiry includes consideration of the petitioner's likelihood of success on the merits, the proceeding's legal complexity, and the petitioner's ability to investigate and present his case. *See, e.g.*, *Fuscaldo v. Nogan*, Civ. No. 16-4198 (JMV), 2016 WL 5660436, at *1–2 (D.N.J. Sept. 28, 2016); *Shelton v. Hollingsworth*, Civ. A. No. 15-1249 (JBS), 2015 WL 5116851, at *2 (D.N.J. Aug. 31, 2015).

The Court declined to appoint counsel prior to an Answer because the Petition was articulately drafted and extremely detailed, and there was no evidence before the Court of Petitioner's financial eligibility under § 3006A. The Court noted that in the event an evidentiary hearing was necessary, the Court would *sua sponte* reconsider Petitioner's application. (*See* ECF No. 8.)

Petitioner now seeks reconsideration of the Court's denial of his request for counsel. "[R]econsideration is an extraordinary remedy, that is granted very sparingly." *Brackett v. Ashcroft*, No. 03-3988, 2003 U.S. Dist. LEXIS 21312, at *5, 2003 WL 22303078 (D.N.J. Oct. 7, 2003). A court will grant a motion for reconsideration only if the movant establishes: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995)).

Under Local Civil Rule 7.1(i), a party making a motion for reconsideration must submit a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge ... has overlooked." D.N.J. Civ. R. 7.1(i). In other words, the movant may address only matters that were presented to the Court, but were not considered by the Court in making the decision at issue. *United States v. Compaction Sys. Corp.*, 88 F. Supp.2d 339, 345 (D.N.J. 1999).

In his request for reconsideration, Petitioner has provided a certified account statement establishing his indigence. Providing new information to the court that was previously available is not a valid basis for reconsideration. Petitioner has further asserted that the issues in his habeas petition are complex, and that he lacks the knowledge required to litigate this matter, including the ability to read and do legal research. Petitioner also states that he has limited access to the law library and that paralegal assistance is not readily available at South Woods State Prison.[1] (*See* ECF No. 10.) In that regard, the Court notes that it has conducted a search of the New Jersey Inmate Locator, and it appears that Petitioner is no longer housed at South Woods State Prison and is currently incarcerated at Northern State Prison.[2] Thus, it is not clear if Petitioner now has access to paralegals to assist him at Northern State Prison. For all these reasons, the Court will deny the motion for reconsideration without prejudice to Petitioner's filing of a new motion for counsel.

On May 28, 2019, Respondents moved to dismiss the petition as untimely in lieu of an Answer. (ECF No. 11.) Petitioner filed a response on June 12, 2019. (ECF No. 13.) In the motion to dismiss, Respondents assert that the Petition is untimely under AEDPA, which generally requires a state prisoner file his or her federal habeas petition within one year after his

---

[1] Petitioner asserts that the motion for reconsideration was prepared by fellow prisoners.

[2] *See* https://www20.state.nj.us/DOC_Inmate/details?x=1310210&n=0, last visited on November 4, 2019.

or her conviction becomes final. *See Thompson v. Adm'r N.J. State Prison*, 701 F. App'x 118, 121 (3d Cir. 2017); *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). Specifically, AEDPA provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2254(d)(1)(A), the conclusion of direct review occurs when the Supreme Court of the United States affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari; where a prisoner chooses not to seek a writ of certiorari, then the conviction becomes final when the time for filing a certiorari petition expires. *See Jimenez v. Quarterman*, 555 U.S. 113, 119, (2009) (applying this principle to petitioner filed under § 2254).

Furthermore, under 28 U.S.C. 2241(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

4

judgment or claim is pending shall not be counted toward any period of limitation under this section." This exception to the one-year limitation period is known as statutory tolling and provides that the one-year limitations period is tolled during the time a properly filed application for post-conviction relief is pending. *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003).

Based upon the record provided by Respondents, the Petition appears untimely. Petitioner was convicted on June 7, 2004. (ECF No. 11, Exhibit 5.) His conviction was upheld by the Appellate Division (*Id.* at Exhibit 7), and his petition for certification was denied by the New Jersey Supreme Court on October 28, 2009. (*Id.* at Exhibit 9.) The time to file a petition for certiorari with the Supreme Court of the United States expired on January 26, 2010, and the statute of limitation began to run the following day.

On January 29, 2010, the limitations period was tolled when Petitioner filed his PCR petition (*Id.* at Exhibit 10), which was denied on December 10, 2010. (*Id.* at Exhibit 11.) Petitioner did not file a Notice of Appeal, along with a motion to accept the appeal as within time, until April 2, 2012. (*Id.* at Exhibit 12.) On April 23, 2012, the Appellate Division accepted the appeal as within time. (*Id.* at Exhibit 13.) The Appellate Division denied Petitioner's PCR (*Id.* at Exhibit 14) and Petitioner filed a petition for certification (*Id.* at Exhibit 15), which was denied on December 16, 2014. (*Id.* at Exhibit 16.) Petitioner's habeas petition is undated, and it was docketed with the Court on October 5, 2015. (ECF No. 1.)

At issue is the gap in time between the denial of Petitioner's PCR on December 10, 2010 (ECF No. 11-10), and his Notice of Appeal, which was filed by Petitioner's counsel on April 2, 2012; the Appellate Division granted the motion as within time on April 23, 2012.[3] To qualify

---

[3] There is also a gap between the conclusion of Petitioner's state court proceedings on December 16, 2014, and Petitioner's filing of the instant Petition on or about October 5, 2015. Neither this gap nor the 2-day gap between the conclusion of direct review and the filing of Petitioner's PCR

5

for statutory tolling, a post-conviction petition must be "properly filed" and "pending" in the state courts. Whether an application is "properly filed" is governed by the law of the state where the prisoner filed the application. *Douglas v. Horn*, 359 F.3d 257, 262 (3d Cir. 2004). Habeas courts consider "a state court's practice of accepting a[n] [application] ... an important indication that the pleading is properly filed." *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 87 (3d Cir. 2013). In *Thompson*, the Third Circuit explained that "an application is 'pending' during the period 'between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law.'" 701 F. App'x at 121 (quoting *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (emphasis in original)).

Here, Petitioner had forty-five days, until January 24, 2011, to file a timely appeal in the Appellate Division. N.J. Ct. R. 2:4-1(a); *see also Swartz v. Meyers*, 204 F.3d 417, 421 (3d Cir. 2000)("[F]or purposes of § 2244(d)(2) 'pending' includes the time for seeking discretionary review, whether or not discretionary review is sought."). There appears to be no question that Petitioner failed to file a timely appeal from the denial of his PCR and filed his *nunc pro tunc* appeal on April 2, 2012, which was accepted by the state court on April 23, 2012. Therefore, AEDPA's one-year statute of limitations began to run again on January 25, 2011 and ran for 433 days until Petitioner's filed his notice of appeal on April 2, 2012.[4] *See Thompson* 701 F. App'x at 124 ("if a state court grants leave to pursue an out of time appeal, the proper period of

---

would render the Petition untimely. As such, the Court focuses on the gap between the denial of Petitioner's PCR and the filing of his *nunc pro tunc* appeal.

[4] Respondents appear to assert that the limitations period ran from December 10, 2019 to April 2, 2012. (*See* ECF No. 11-1, Respondents' brief at 8.) New Jersey Court Rule 2:4-1, however, provides a litigant with a forty-five day period to file a Notice of Appeal from a final judgment; *see also* N.J. Ct. R. 1:3-1 (extending the period "until the end of the next day which is neither a Saturday, Sunday nor legal holiday").

exclusion for § 2244(d) purposes is 'all time between the filing of the request to excuse the default and the state court's decision on the merits (if it elects to excuse the default)'") (quoting *Fernandez v. Sternes*, 227 F.3d 977, 979 (7th Cir. 2000)).

As explained by Respondents, the one-year limitation period under AEDPA expired before Petitioner filed his Notice of Appeal *nunc pro tunc* on April 2, 2012. Respondent's motion to dismiss must therefore be granted unless Petitioner is entitled to equitable tolling.

AEDPA's statute of limitations is not jurisdictional and is subject to equitable tolling in appropriate cases. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence.... A determination of whether a petitioner has exercised reasonable diligence is made under a subjective test: it must be considered in light of the particular circumstances of the case." *Ross*, 712 F.3d at 799. "Mere excusable neglect is not sufficient." *LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005). Attorney abandonment can constitute extraordinary circumstances. *Jenkins*, 705 F.3d at 89; *see also Ross*, 712 F.3d at 800 (holding attorney malfeasance may warrant equitable tolling "when combined with reasonable diligence on the part of the petitioner in pursuit of his rights"). The "lack of legal knowledge or legal training does not alone justify equitable tolling." *Ross*, 712 F.3d at 800 (3d Cir. 2013). The Third Circuit has held, however, that an inability to read or understand English, combined with denial of access to translation or legal assistance, can constitute extraordinary circumstances that trigger equitable tolling. *See Pabon v. Mahanoy*, 654 F.3d 385, 400 (3d Cir. 2011)(remanding case to district court for an evidentiary hearing on

whether Pabon faced an extraordinary circumstance that prevented him from timely filing his habeas petition).

Petitioner's response asserts that he is illiterate and non-English speaking, and has no access to paralegal assistance of any kind at South Woods State Prison. (ECF No. 13, at ¶ 1(c).) Petitioner further asserts that his response to the motion to dismiss was prepared by a "fellow-prisoner" who is being relocated to another prison and can no longer provide him with assistance. (*Id.* at ¶ 1(d).) The response provides also provides facts in support of equitable tolling for the period between the denial of his PCR and the filing of his *nunc pro tunc* appeal. Petitioner asserts that he was housed in a segregation unit without access to the law library or paralegal assistance for a six month period after the denial of his PCR and relied on his attorney's representation that he would timely file an appeal. (*Id.* at ¶ 1(c).) Petitioner also appears to assert that the Public Defender submitted a sworn statement with his motion papers stating that his caseload and budget constraints prevented timely filing of the Petition.[5] (*Id.* at ¶ 2.)

Although the Court does not have sufficient information to rule on the issue of equitable tolling, the Court will reserve on timeliness and direct Respondents to file a full answer to the Petition within 30 days of the date of this Order, and serve the answer and exhibits on Petitioner. Petitioner shall submit his response within 45 days of his receipt of the State's answer. To the extent the State raises timeliness in the full answer,[6] Petitioner shall provide all facts that he wishes the Court to consider in support of equitable tolling. To the extent Petitioner needs

---

[5] Although Respondents provided the Notice of Appeal, they have not provided copies of the motion papers submitted in connection with Petitioner's April 2, 2012 Notice of Appeal.

[6] To the extent Respondents raise timeliness in the full answer, they shall provide copies of all motion papers submitted in connection with Petitioner's April 2, 2012 Notice of Appeal.

additional time or is unable to obtain assistance from a paralegal in his native language, he shall notify the Court in writing prior to the deadline for submitting his reply.

Petitioner is also free to renew his request for counsel; however, a request for counsel is not a substitute for submitting a reply, as the facts to support equitable tolling are within Petitioner's knowledge. Because it is unclear where Petitioner is currently housed, the Court will also direct the Clerk of the Court to send a copy of this Memorandum and Order to Petitioner at Northern State Prison <u>and</u> South Woods State Prison.[7]

Accordingly, IT IS, on this 15th day of November 2019,

ORDERED that Petitioner's motion for reconsideration of the Court's Order denying his request for counsel (ECF No. 10) is denied WITHOUT PREJUDICE to his filing of a new motion for counsel; and it is further

ORDERED that Respondents' motion to dismiss the Petition as untimely (ECF No. 11) is denied WITHOUT PREJUDICE

ORDERED that Respondents shall file a full answer in accordance with the Court's prior Order to Answer within 30 days; and it is further

ORDERED that within 45 days of the date of this Order, Petitioner shall submit his reply; to the extent Respondents' full answer raises the issue of timeliness, Petitioner shall provide all facts he wishes the Court to consider in support of equitable tolling; and it is further

ORDERED that if Petitioner needs more time or is unable to obtain assistance in his native language, he shall notify the Court in writing prior to the deadline for submitting his reply; and it is further

---

[7] Confusingly, Respondents assert that they mailed a copy of the motion to dismiss to Petitioner at Trenton State Prison. (ECF No. 12-1.)

ORDERED that failure to file a reply or notify the Court that he is unable to obtain assistance may result in dismissal of the Petition as untimely; and it is further

ORDERED that the Clerk shall serve this Memorandum and Order on Petitioner by regular U.S. mail at both Northern State Prison <u>and</u> South Woods State Prison.

<u>/s/ Freda L. Wolfson</u>  
FREDA L. WOLFSON  
U.S. Chief District Judge